UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

NATHANAEL DIAZ,

                                                      Plaintiff,                   **<u>COMPLAINT</u>**

                              -against-                                            10 Civ. 5921 (SAS)

THE CITY OF NEW YORK, POLICE OFFICER                                               <u>Jury Trial Demanded</u>
CLAUDIO PAULA, shield # 27938, POLICE OFFICER
RAMON VELEZ, shield # 02591, POLICE OFFICER
DANNY GUZMAN, tax # 924667, POLICE OFFICER
RALFI HERNANDEZ, tax # 927788, POLICE OFFICER
JOHN DOES 1 and 2,

                                                      Defendants.

---------------------------------------------------------------------- x

## <u>PRELIMINARY STATEMENT</u>

       1.      Plaintiff brings this civil rights action against the City of New York and six New York City Police Officers employed in the 33rd Precinct in Manhattan alleging that defendants violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Specifically, plaintiff alleges that, on October 1, 2008, in the Washington Heights section of Manhattan, defendants falsely arrested him for sale and possession of marijuana, used unreasonable force on him by slamming him into a store window and handcuffing him excessively tight, illegally strip searched him, made false allegations about him to prosecutors which deprived him of his liberty, and maliciously prosecuted him.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

4.      Plaintiff is a United States citizen who resides in the Washington Heights section of Manhattan on West 174th Street.

5.      The City of New York is a municipal corporation organized under the laws of the State of New York.

6.      Police Officers Claudio Paula, Ramon Velez, Danny Guzman, Ralfi Hernandez, and John Does 1 and 2 are New York City Police Officers employed in  the 33rd Precinct.  Defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times.  Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.  The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7.      On October 1, 2008, at approximately 8:00 p.m., plaintiff bought a soft drink at a corner store located on the corner of Audubon Avenue and West 174th Street in Manhattan, exited the store, and began to head to his home one block away.

2

8.      At all relevant times, plaintiff was obeying the law and not acting in a suspicious manner.

9.      Before plaintiff could leave vicinity, Police Officers Claudio Paula, Danny Guzman, Ralfi Hernandez, and either Ramon Velez or John Doe 1 exited a police vehicle and approached plaintiff.

10.     Officer Paula and one other officer grabbed plaintiff and threw him face first into the window of the corner store, causing plaintiff pain and injury.

11.     The two other officers searched plaintiff without legal justification and did not recover anything illegal on his person.

12.     One of the officers intentionally handcuffed plaintiff excessively tight causing plaintiff pain and bruising.

13.     Plaintiff asked all four officers to loosen the cuffs.

14.     One of the officers told plaintiff to "shut up."

15.     Suddenly, a fifth officer, not involved in the initial seizure, either Officer Velez or John Doe 1, walked over toward plaintiff and the officers with a bag of marijuana in his hand.

16.     The four officers involved in the initial seizure then arrested plaintiff for no reason, placed him in a police vehicle, and drove him to the 33rd Precinct.

17.     Plaintiff was placed in a cell in the 33rd Precinct.

18.     Sometime thereafter, Officer Velez, with the acquiescence of the other arresting officers, took plaintiff into a room and told him that he was going to become his informant.

19.     Officer Velez demanded that plaintiff provide him with the names and addresses of people who are involved in drugs.

20.     Plaintiff told Officer Velez that he was not aware of any such people.

21.     Officer Velez told plaintiff that, if he refused to cooperate, he was going to charge him with sale of marijuana, which would result in a jail term.

22.     Officer Velez further stated that, if plaintiff cooperated, he would charge him with simple possession, which would result in him being released the next day.

23.     Plaintiff told Officer Velez that he had no information to provide.

24.     Approximately one hour later, Officer Paula and a uniformed officer sued herein as John Doe 2, with the acquiescence of the other arresting officers, illegally strip searched plaintiff in a bathroom in the precinct.

25.     The officers had plaintiff remove all of his clothes, squat, spread his buttocks, left his testicles, and cough.

26.     The officers did not recover anything illegal from plaintiff.

27.     The strip search of plaintiff was illegal because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

28.     While plaintiff was confined in a cell in the precinct, Officer Paula, with the acquiescence of the other arresting officers, misrepresented in police reports that plaintiff had sold and possessed marijuana on October 1, 2008.

29.     At approximately midnight, plaintiff was taken to Manhattan Central Booking.

4

30.     While being admitted into Manhattan Central Booking, an unidentified officer illegally strip searched plaintiff down to his underwear.

31.     Plaintiff was held in a cell in Central Booking which was several overcrowded, cold, filthy and unsanitary, and infested with roaches.  The toilet was covered in feces and urine and other types of human discharge and there were no beds for plaintiff and the other detainees to sleep on.

32.     Plaintiff had to sit on the floor the entire time that he was in Central Booking.

33.     While plaintiff was held in Central Booking, Officer Paula, with the acquiescence of the other arresting officers, maliciously commenced a bogus prosecution against plaintiff by misrepresenting to the New York County District Attorney's Office that plaintiff had sold and possessed marijuana on October 1, 2008.

34.     On October 2, 2008, in the evening, plaintiff was arraigned in Manhattan Criminal Court and the judge set bail in the amount of $500.

35.     Because plaintiff was unable initially to post mail, he was brought to and incarcerated in the Manhattan House of Detention.

36.     On approximately October 4, 2008, plaintiff's mother posted bail and plaintiff was released from jail.

37.     Plaintiff made numerous court appearances in Manhattan Criminal Court from October 7, 2008 until July 27, 2009, when the case was dismissed on speedy trial grounds.

38.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated from October 1 to approximately October 4, 2008, deprived of his liberty, and

suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Plaintiff also suffered pain and bruising from defendants' use of excessive force.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

39.    Plaintiff repeats the foregoing allegations.

40.    Plaintiff did not commit a crime or violation on October 1, 2008 and no police officer observed plaintiff acting in a manner that day which gave rise to probable cause.

41.    Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE UNDER FEDERAL LAW)

42.    Plaintiff repeats the foregoing allegations.

43.    Defendants' use of force upon plaintiff or their failure to intervene was objectively unreasonable and caused plaintiff pain and injury.

44.    Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

### (ILLEGAL STRIP SEARCH UNDER FEDERAL LAW)

45.    Plaintiff repeats the foregoing allegations.

46.    Defendants' strip search of plaintiff or their failure to intervene was illegal because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

47.    Accordingly, defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

6

**FOURTH CLAIM**

**(FABRICATION OF EVIDENCE)**

48.     Plaintiff repeats the foregoing allegations.

49.     Officer Paula, with the acquiescence of the other defendants, falsely stated to the New York County District Attorney's Office that plaintiff possessed and sold marijuana on October 1, 2008.

50.     Defendants' misrepresentation deprived plaintiff of liberty.

51.     Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and denying plaintiff a fair trial.

**FIFTH CLAIM**

**(MALICIOUS PROSECUTION)**

52.     Plaintiff repeats the foregoing allegations.

53.     Officer Paula, with the acquiescence of the other defendants, maliciously commenced a bogus prosecution against plaintiff which resulted in plaintiff being incarcerated and having to appear in court numerous times until the case was dismissed in plaintiff's favor.

54.     Accordingly, defendants are liable under the Fourth Amendment for malicious prosecution.

**SIXTH CLAIM**

**(MONELL CLAIM AGAINST THE CITY OF NEW YORK)**

55.     Plaintiff repeats the foregoing allegations.

56.     The City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

57.    Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

58.    In fact, defendant Paula was sued for civil rights violations in *Columna v. City of New York, et al.*, 09 Civ. 9962 (S.D.N.Y.), which settled; defendant Guzman was sued for civil rights violations in *Burley, et al, v. City of New York, et al.*, 03 Civ. 0735 (S.D.N.Y.) and *Allen, et al, v. City of New York, et al.*, 03 Civ. 2829 (S.D.N.Y.), both of which settled; and defendant Hernandez was sued for civil rights violations in *Sanchez v. City of New York, et al.*, 07 Civ. 3253 (S.D.N.Y.), which settled.

59.    Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them.  Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

60.    In addition, the following are City policies, practices and customs:

(a) arresting innocent individuals, primarily minorities like plaintiff, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees;

(e) retaliating against individuals who engage in free speech;

(f) unlawfully entering and searching homes and being unnecessarily destructive.

8

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

      a.      Compensatory damages in an amount to be determined by a jury;

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Attorney's fees and costs;

      d.      Such other and further relief as the Court may deem just and proper.

DATED:      July 28, 2010
             Brooklyn, New York

/S/

_____

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391